FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ AUG 1 2 2011 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

– against –

AFRIM KUPA,

        Defendant.

10-CR-65-01

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)



JACK B. WEINSTEIN, Senior United States District Judge:

    A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the sentencing guidelines referred to in section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the guidelines has been excised and they are now "advisory," *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

    The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotations and alterations omitted). Although a written statement of reasons pursuant to

1

18 U.S.C. § 3553(c)(2) is not necessary when the court imposes a guidelines sentence, the statement may nevertheless assist the reviewing court and the United States Sentencing Commission in understanding the reasons for the court's sentence.

On August 11, 2010, Afrim Kupa pleaded guilty to the sole count of a single-count indictment which charged that between February 20, 2009 and February 23, 2009, the defendant, together with others, stole property and money exceeding $1,000, specifically, United States currency, jewelry and gold coins, from Astoria Federal Savings Bank located at 4302 18th Avenue in Brooklyn, New York, a bank whose deposits were then insured by the Federal Deposit Insurance Corporation, in violation of 18 U.S.C. 2113(b).

Kupa was sentenced on July 26, 2011. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere and the factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility of videotape on appeal).

The court finds the total offense level to be 17 and defendant's criminal history category to be category V, yielding a guidelines range of imprisonment of between 46 and 57 months. The calculation of the total offense level included a fourteen-point enhancement for loss between $400,000 and $1 million and a three-point reduction for accepting responsibility. The offense carried a maximum term of imprisonment of ten years. 18 U.S.C. § 2113(b). The guidelines range of fine was from $5,000 to $50,000. An order of restitution was mandatory. *See* 18 U.S.C. § 3663A; U.S.S.G. § 5E1.1.

Kupa was sentenced to forty-six months' incarceration and three years' supervised release. A $100 special assessment was imposed. Restitution was ordered in the amount of $432,600 owed to defendant's victims, due and payable forthwith. No fines were imposed

because the defendant does not have any assets, and it is unlikely that he will have any in the future to pay a fine. The defendant is subject to forfeiture in the amount of $250,000.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). A sentence within the guidelines range is appropriate in this case. *See* 18 U.S.C. § 3553(a)(4)(A).

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1). Kupa appears highly intelligent. He has a supportive wife who works as a court stenographer in bankruptcy court and who attended the sentencing. They have been together since 1991 and married since April 15, 2006. Kupa also has two young children (ages four and twenty-two months) whom he takes care of. Although he is currently unemployed due to the conditions of his pretrial monitoring, he previously owned and operated a construction company, demonstrating his work ethic and entrepreneurial skill.

Kupa has an extensive criminal history. He has been arrested numerous times for offenses including grand larceny, attempted grand larceny, reckless endangerment, bank fraud and conspiracy to distribute marijuana. He, along with his brother, Lulzim Kupa, was a member of a group called the "Matera Crew." Between approximately the summer 1997 and late March of 1998, members of the Matera Crew burglarized or attempted to burglarize numerous banks throughout New York, New Jersey, Pennsylvania, Ohio, Michigan, Maryland and Arizona. During that time, Kupa also committed three bank burglaries on his own and one with his brother.

Kupa's crime, bank burglary, is a serious offense. The theft involved a well-organized plan to break into the Astoria Federal Savings Bank. Kupa and the other individuals used high speed drills and blow torches to enter the vault through the roof. Once inside, Kupa and the other participants burglarized sixty-four safety deposit boxes. Many of the items stolen from the safety deposit boxes were family heirlooms, including wedding bands, gold jewelry and irreplaceable pieces commemorating special life events. The loss of these items has taken a serious emotional toll on several of the victims. Two of the individual victims appeared at the sentencing to discuss the impact of the theft on their lives. *See* Transcript of July 26, 2011 Sentencing.

A sentence of forty-six months reflects the seriousness of the offense and will promote respect for the law and provide just punishment. *See* 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that any involvement in bank burglary will result in a substantial prison sentence. Specific deterrence is achieved through incapacitation and the impact of this conviction on the defendant's employability. It is unlikely that he will engage in further criminal activity in light of his strong his strong commitment to his family, his desire to be present while his children grow up and his ability to earn a lawful living after his released.

Jack B. Weinstein
Senior United States District Judge

Dated: July 27, 2011
Brooklyn, New York

4